**Joseph SLOVINEC, Appellant**

v.

**Ronald E. MEISBURG, Ex–General of National Labor Relations Board, Appellee.**

No. 10–5307.

United States Court of Appeals, District of Columbia Circuit.

Dec. 30, 2010.

Joseph Slovinec, Washington, DC, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Eric Gray Moskowitz, Esquire, Assistant General Counsel for Special Litigation, National Labor Relations Board, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and GINSBURG and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 25, 2010, be affirmed, albeit on different grounds. *See Jenkins v. Washington Convention Center,* 236 F.3d 6, 8 n. 3 (D.C.Cir.2001) (court may affirm the district court on grounds different from those relied upon by the district court).

Although "Ronald Meisburg" was identified in the complaint as the defendant, plaintiff-appellant did not request relief from Meisburg, but rather sought to compel action by a different National Labor Relations Board (NLRB) employee. As such, the relief sought was more in the nature of a writ of mandamus. Rather than affirm the district court's dismissal for failure to meet the minimal pleading requirements of Fed.R.Civ.P. 8(a), therefore, we affirm on the basis that plaintiff-appellant does not have a clear right to mandamus relief, the NLRB employee does not have a clear duty to act, and there is another adequate remedy available to plaintiff-appellant. *See Baptist Memorial Hospital v. Sebelius,* 603 F.3d

57, 62 (D.C.Cir.2010) (discussing extraordinary standards under which district courts may grant mandamus relief).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.